IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Division

Case No. 22-CV-01143-WJM-KLM

MICHAEL LAWRENCE,

    Plaintiff,

v.

BONAVENTURE OF CASTLE ROCK,

    Defendants.

___

**MOTION FOR ENLARGEMENT OF TIME TO OBJECT TO COURT'S ORDER OF JUDGMENT DISMISSING THIS CASE**
___

    The plaintiff, pro se and pursuant to F.R.C.P. 6(b)(1)(B), hereby moves the Court for an enlargement of time in which to object to the Court's January 13, 2023 Order granting dismissal of this case. In support thereof, the plaintiff states as follows:

    After conferring with opposing counsel, the plaintiff informs the Court that the defendant objects to the relief sought in the present Motion. Apparently the defendant believes a lack of notice comports with due process and fundamental fairness.

    The plaintiff received no notice of the Court's December 27, 2022 Order recommending dismissal of this case. The plaintiff received no notice of the Court's January 13, 2023 Order granting dismissal of the case. For the first time, the plaintiff discovered the existence of these two documents on Friday, February 24, 2023, through a PACER review of the case file. The plaintiff had no prior notice that the Court had issued the two rulings.

Rule 6(b)(1)(B) permits the enlargement of time to act "on motion made after the time has expired if the party failed to act because of excusable neglect." It is proper to invoke this rule here because the plaintiff failed to act (failed to object to dismissal) because of excusable neglect. The plaintiff did not receive notice of the Court's actions until last week.

The plaintiff sought the Court's leave to file in this case through electronic mail. The plaintiff did so through an email dated July 11, 2022. A copy of that email is attached hereto and identified as Exhibit 1. On the next day, July 12, 2022, COD Attorney Services informed the plaintiff by email that he had been granted e-filing privileges in this case. *Id.*

The initial set-up of the plaintiff's permission to e-file did not work. The plaintiff informed the Court's employee, Ashley Sheehan, of that fact by email on July 18, 2022. A copy of that email is attached hereto and identified as Exhibit 2.

On that same day, Ms. Sheehan wrote back to confirm that the plaintiff was indeed added to this case as an e-filer. Ms. Sheehan's July 18, 2022 email to the plaintiff is attached hereto and identified as Exhibit 3. She stated specifically: "You were granted to have access to E-Filing, which means you can log on at any time of day to check the status of your case in CM/ECF. **I have added your e-mail (mlawrence31416@gmail.com) to the docket in which you will get e-mail notifications of filings**." Exhbit 3, p. 2, emphasis added. She added a screen shot of a page from the case docket reflecting the plaintiff's accurate email address. Exhibit 3, p. 3.

After receiving Ms. Sheehan's email, the plaintiff reasonably assumed the Court would email all Court documents to the plaintiff's correct email address. That did not happen. The plaintiff never received a copy of the Court's recommendation of dismissal dated December 27, 2022 or the Order of judgment of January 13, 2023 that agreed to the recommendation of dismissal made in the December 27, 2022 document.

In reviewing the Court's docket report on February 24, 2023, the plaintiff discovered the reason why he never received timely and contemporaneous notice of the two documents recently generated by this Court. The plaintiff noticed on the Court's docket report that the plaintiff's email address was identified by the Court as mlawrencellc@msn.com. Please see p.1 of the Docket Report printed on February 24, 2023, attached hereto and identified as Exhibit 4.

This is a defunct email address and is not the address the plaintiff was informed would be the email address where he would be given electronic notice of all documents sent through this case. Because the Court erroneously sent emails to the plaintiff's old email address, instead of the correct email address and the one Ms. Sheehan advised the plaintiff was the email address to which the Court would send electronic correspondence, the plaintiff never received notice of the Court's actions. The plaintiff's failure to respond to the documents was excusable neglect. The Court administrator simply sent the plaintiff's notices to the wrong email address.

The plaintiff has spoken with the Court's CM/ECF staff about the error in email address. The staff could provide no explanation on why the plaintiff's email address on July 18, 2022 was listed correctly but then had changed later, so that by February 24, 2023 it was listed incorrectly. The Court's error on this point caused the plaintiff to miss a timely notification of the Court's action. The court administration's error on this point constitutes excusable neglect for the plaintiff's late response to the Court's Orders.

The plaintiff first learned of the recommendation of dismissal and the Order of dismissal on February 24, 2023, through a PACER search the plaintiff had conducted to find out if anything new had happened in this case. Any response to the two documents should take February 24, 2023 as the trigger date on which the plaintiff first learned of the Court's actions.

The defendant filed its motion to dismiss under F.R.C.P. 12(b)(6), but effectively the motion can also be construed as a motion for judgment as a matter of law, under F.R.C.P. 50(a)(2). When a court grants a motion for judgment, the non-prevailing party has 28 days after entry of judgment to object to the judgment. F.R.C.P. 50(d). The Court may reasonably consider the 28-day deadline specified by F.R.C.P. 50(d) as a limitation on the plaintiff's time to object to the Court's dismissal of this case.

In the present Motion, the plaintiff respectfully requests until and including March 24, 2023 to file an objection to the December 27, 2022 recommendation of dismissal and to the Court's January 13, 2023 dismissal of this case. The March 24, 2023 deadline proposed by the plaintiff will give the plaintiff the 28 days within which to object that he is entitled to under F.R.C.P. 50(d), with the triggering event being the plaintiff's actual notice of dismissal.

WHEREFORE, the plaintiff respectfully requests that the Court permit the plaintiff until and including March 24, 2023 to file a response objecting to the Court's dismissal of this case, and for all such other and further relief as this Court deems just and proper.

DATED this 2nd day of March, 2023

    /s/ Michael Lawrence_____
Michael Lawrence, plaintiff
8330 E Quincy Ave, Apt H209
Denver, CO 80237
Tel. 720-231-2023
Email: mlawrence31416@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of March, 2023, a true and correct copy of the above was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the defendant at its email address of record.

    /s/ Michael Lawrence_____

4