IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Division

Case No. 22-CV-01143-WJM-KAS

MICHAEL LAWRENCE,

    Plaintiff,

v.

BONAVENTURE OF CASTLE ROCK,

    Defendants.

___

**MOTION TO AMEND COMPLAINT**
___

    The plaintiff, pro se and pursuant to F.R.C.P. 15(a)(2), hereby moves the Court to amend his complaint. Justice is served by the proposed amendment and therefore the Court should grant this Motion. In support thereof, the plaintiff states as follows:

    The defendant clearly and egregiously violated Title VII by applying a hiring practice to the plaintiff and others similarly situated that excludes a disparately large number of people of color. There is no dispute on these facts. The defendant has sought to muddy the waters of this case to evade liability for its gross malfeasance. Justice demands that Title VII be vindicated.

    At this time in the current proceedings, the plaintiff is permitted to amend his complaint only with the defendant's consent or with the Court's leave. The Court should freely give leave when justice so requires. F.R.C.P. 15(a)(2). Plaintiff has conferred with the defendant. The defendant objects to the plaintiff's amendment of his complaint. The defendant has no reasonable basis to object.

The Court should give leave to the plaintiff to amend his Complaint to allow the plaintiff to clarify his claim. The plaintiff can state his claim more clearly than the original complaint does. It is consistent with basic fairness to give the plaintiff the opportunity to do so. There is no prejudice to the defendant. Nothing has happened in this case to make a clarification of the complaint improper.

Although the defendant has sought dismissal of this case, an amendment of the complaint is the proper remedy for this Court. When a defendant files a motion under F.R.C.P. 12(b)(6) and there is a possibility the plaintiff can remedy a defect in the complaint with an amended complaint that provides an adequate statement of claims, the proper relief is to allow the plaintiff to amend his complaint. Summers v. Texas de Brazil (Denver) Corp., 2011 WL 1832334, p.6 (D.Colo. 2011). The plaintiff believes the original complaint suffices to withstand a challenge under Rule 12(b)(6). Even if this Court were persuaded otherwise, the proper remedy is to permit an amended complaint that does state a claim for relief. The proposed First Amended Complaint (hereafter, "the FAC") does that, without question.

Finally, it serves judicial economy to permit the plaintiff to amend his complaint. By allowing the amendment sought herein, the Court obviates the necessity of ruling on the defendant's pending Motion to Dismiss. The FAC differs sufficiently from the original complaint so as to moot the arguments the defendant made in its Motion to Dismiss. A copy of the FAC is attached hereto and identified as Exhibit 1. A copy of the original complaint, marked up to show the edits giving rise to the FAC based on the original complaint, is attached hereto and identified as Exhibit 2. Text deleted from the original complaint has strike-through marks. Text added to the original is indicated by underlining. The proposed amendment makes the Court's job simpler, and thus the relief sought herein should be granted on that basis as well.

1. THE PROPOSED FIRST AMENDED COMPLAINT IS CLEARER THAN THE ORIGINAL

   A. The FAC expressly rejects the possibility of a state claim, improving its clarity

The FAC improves the clarity of the original complaint by expressly stating that it does not include a state claim for relief. FAC, para. 21. The defendant wrongly asserted it did, but it did not. The magistrate, in her benighted proposed order of December 27, 2022, wasted four pages of analysis on a state claim that the plaintiff never asserted. The FAC expressly rejects that it includes a state claim for relief. That difference improves the clarity of the Complaint.

   B.  The FAC makes explicit the fact that the futility doctrine applies to Title VII cases

In its Motion to Dismiss, the defendant argued the plaintiff's case should be non-suited for failure to comply with the deadlines of the EEOC. The plaintiff responded that the EEOC's incompetence caused the delays. Further, the plaintiff noted that the EEOC did not believe compliance with its deadlines under the circumstances of this case made dismissal appropriate. The EEOC made this choice clear by providing the plaintiff with a Notice of Right to Sue letter, rather than a dismissal for failure to comply with the EEOC's deadlines. Dismissal in the absence of a showing of the EEOC's abuse of discretion would thus be inappropriate. Finally, because the Denver EEOC office lacked the staffing to do an actual investigation, it would have been futile to comply with the EEOC's deadlines. Those circumstances made non-compliance irrelevant because of the futility of having complied with the deadlines.

At the nadir of the December 27, 2022 proposed order, the magistrate held that the futility doctrine does not apply to Title VII cases in the Tenth Circuit. Proposed Order, p. 14. In

fact, the futility doctrine does apply to Title VII cases in the Tenth Circuit, as the plaintiff corrected the magistrate in his objection to her proposed order.

The FAC includes an express reference to *Hansbury v. Regents of University of California*, 596 F.2d 944 (10th Cir. 1979). FAC, paras. 51-53. This case holds that the futility doctrine applies to Title VII cases, and it is, of course, a Tenth Circuit case. The express reference to this case will render it less likely that an arbiter will mistakenly conclude that the futility doctrine does not apply to Title VII cases in this circuit, thereby making the complaint sounder.

C. The FAC clarifies the disparate impact of the defendant's conduct

The one pellucid note in the magistrate's December 27, 2022 proposed order was its identification of the elements of a Title VII claim. As the Court noted in the proposed order, a Title VII disparate impact claim must allege "that a specific identifiable employment practice or policy caused a significant disparate impact on a protected group." Proposed Order, p. 6, citing *Ortega v. Safeway Stores, Inc.*, 943 F.2d 1230, 1242 (10th Cir. 1991). This is a useful recitation of law. The Court can decide for itself whether the plaintiff has set out a claim as required under *Ortega*.

In her December 27, 2022 proposed order, the magistrate did not seem to understand that a hiring practice that disproportionately excludes people of color has a disparate impact. In the FAC, the plaintiff states the disparate impact of the defendant's hiring policy more clearly. The plaintiff does this by citing different parts of the original Complaint's Exhibit 5 to make the fact of the disparate impact clearer and precisely quantified. The FAC references an additional study that confirms the results of the state survey found in Exhibit 5 of the original complaint. The

FAC makes it clear that the plaintiff is not complaining of conduct that applied only to him, but of conduct that was applied to numerous job applicants of the defendant. The result of these proposed amendments is a much clearer statement regarding the disparate impact of the defendant's hiring practices. FAC, paras. 35-45.

The December 27, 2022 proposed order faults the original complaint for failing to make a statistical comparison between "the racial composition of the qualified persons in the labor market and the persons holding at-issue jobs." Proposed Order, p. 10, citing *Wards Cove Packing Co. Inc. v. Atonio*, 490 U.S. 642, 650-51 (1989). First, the plaintiff has no access at this time to data concerning the defendants' employees. Second, it does not matter in any case whether the defendant has many Hispanic employees. Whether one has complied with the law in other instances does not justify discrimination against another employee. *See Espinoza v. Farah Mfg. Co., Inc.*, 414 U.S. 86, 89 (1973). In *Espinoza*, the Supreme Court heard the plaintiff's Title VII complaint even though 96% of its workers were Hispanic. The December 27, 2022 proposed order again fails to state the law correctly.

The FAC adds captions that identify the elements of the plaintiff's Title VII claim. These captions add clarity to the structure of the plaintiff's claim. The magistrate struggled to find the elements of a Title VII claim. The added captions clarify the elements of the claim at issue and thus should be permitted.

2. AMENDMENT OF THE COMPLAINT SERVES JUDICIAL ECONOMY

Finally, the FAC should be permitted because it serves judicial economy. Should the Court allow the plaintiff's proposed FAC, the filing of the amended complaint will obviate the need for the Court to make a ruling on the defendant's Motion to Dismiss. This Motion has been

pending for over a year without a ruling. The acceptance of an amended complaint, with different allegations of fact than the original complaint, will moot the defendant's Motion to Dismiss and take away the need for this Court to render a decision that would seem to have been giving difficulty to the Court.

The FAC should be permitted as a judicial economy also because the FAC makes it clear that the plaintiff is entitled to declaratory judgment in his favor. As Magistrate Mix noted in her otherwise ill-advised December 27, 2022 proposed order, a Title VII disparate impact claim requires a showing of the following: "that a specific identifiable employment practice or policy caused a significant disparate impact on a protected group." Proposed Order, p. 6, citing *Ortega v. Safeway Stores, Inc.*, 943 F.2d 1230, 1242 (10th Cir. 1991).

The FAC clearly describes the specific identifiable employment practice at issue—the systemic denial of employment to anyone with a criminal conviction. The FAC cites two statistical studies that show Hispanics in Colorado are more than twice as likely as the majority to have criminal convictions. These studies are thorough and authoritative. It is not in dispute that the plaintiff is Hispanic and thus a member of a protected group under Title VII.

With the FAC in place, the defendant has no defense. The Court will be able to issue a declaratory judgment, thereby sidestepping the complexities of discovery. Judgment can enter quickly, followed by a brief evidentiary review to support the calculation of damages.

WHEREFORE, the plaintiff respectfully requests that the Court grant his Motion to Amend Complaint, and for all such further relief as this Court deems just and proper.

DATED this 9th day of October, 2023

                                                     /s/ Michael Lawrence
                                                    Michael Lawrence, plaintiff
                                                    8330 E Quincy Ave, Apt H209
                                                    Denver, CO 80237

Tel. 720-231-2023
Email: mlawrence31416@gmail.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 9th day of October, 2023, a true and correct copy of the above was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the defendant at its email address of record.

                                                                     _/s/ Michael Lawrence_____