**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 22-cv-1143-WJM-KAS

MICHAEL LAWRENCE,

    Plaintiff,

v.

BONAVENTURE OF CASTLE ROCK,

    Defendant.

---

**ORDER ADOPTING DECEMBER 27, 2022 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

    This matter is before the Court on the December 27, 2022 Recommendation by former U.S. Magistrate Judge Kristen L. Mix (the "Recommendation") (ECF No. 18) that the Court grant Defendant Bonaventure of Castle Rock's Motion to Dismiss Plaintiff's Complaint ("Motion") (ECF No. 10) and dismiss with prejudice Plaintiff's Petition for Declaratory Judgment and Complaint ("Complaint") (ECF No. 1).  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    Plaintiff filed a Motion to Reject the Court's December 27, 2022 Recommendation of Dismissal Based on Its Legal Errors ("Objections").  (ECF No. 23.)  Defendant filed a response to Plaintiff's Objections ("Response") but filed no objections of its own.  (ECF No. 24.)  For the reasons set forth below, Plaintiff's Objections are overruled, and the Recommendation is adopted in its entirety.

# I. RECOMMENDATION

As stated in the Recommendation, this case arises out of Plaintiff's failure to be hired as a line cook by Defendant, a senior living facility, in October 2020. (ECF No. 18 at 2.) On October 27, 2020, Plaintiff had an interview with Defendant's chef and a meeting with its executive director, both of which "went well." (*Id.*) The following day, on October 28, 2020, Plaintiff returned to Defendant's facility for a working interview, at the end of which Plaintiff was offered a job, contingent on passing a criminal background check. (*Id.*) On October 29, 2020, Plaintiff was informed by telephone that he could not be hired by Defendant due to a criminal conviction for forgery from July 2010, more than ten years before the events in question. (*Id.*)

Plaintiff filed a charge of discrimination with the EEOC alleging a Title VII disparate impact claim based on race, and the EEOC issued a right to sue letter on May 2, 2022. (*Id.*) Plaintiff filed this lawsuit on May 9, 2022, bringing a Title VII disparate impact claim against Defendant.

**A.     Sufficiency of the Disparate Impact Claim**

Judge Mix recommended finding that Plaintiff failed to state a plausible Title VII disparate impact claim. (*Id.* at 5.) She found that Plaintiff's claim "appears to be based on Defendant's alleged failure to follow the criminal background 'test' set out in 6 C.C.R. 1011-1:7-7.3(A) when it rejected him for employment." (*Id.*) However, she concluded that Plaintiff provided no legal authority that permits a Title VII disparate impact claim based on a failure to follow a state regulation and, regardless, any such claim should be rejected because there is no private right of action against an employer who fails to follow the regulation. (*Id.*)

Judge Mix thoroughly analyzed whether the Colorado legislature authorized

2

private civil actions for violations of a regulation.  (*Id.* at 7–8.)  Concluding that there "is no express or implied right of action to bring suit under the regulation and statutory scheme at issue," Judge Mix found that "Plaintiff does not have standing to pursue his claim."  (*Id.* at 9.)

She rejected Plaintiff's argument that Defendant had a policy similar to that in *Green v. Missouri Pacific R.R.*, 523 F.2d 1190 (8th Cir. 1975), whereby Defendant rejects any claimant with a criminal record, no matter how long ago the offense occurred.  (*Id.*)  Judge Mix addressed the statistical evidence that Plaintiff provided, which he argued showed a discriminatory effect on members of a protected class (including Hispanics such as himself).  (*Id.*)  Rejecting Plaintiff's argument as one asking the Court to make an improper inference, she found that the statistical evidence did not provide information that would allow the Court to draw the reasonable inference that Defendant's alleged "policy" created a significant disparate impact on Hispanics or other people of color.  (*Id.* at 9–10.)  In fact, Judge Mix stated that the only allegation of alleged disparate hiring is the refusal to hire Plaintiff himself; all other allegations regarding the impact of any alleged policy at Defendant on the hiring of Hispanics were conclusory.  (*Id.* at 10.)

To the extent Plaintiff argued that the EEOC concluded that his claim falls within Title VII's protection and issued a notice of right to sue letter based on that finding, Judge Mix rejected such an argument.  (*Id.* at 11 n.7.)  She explained that the EEOC issued the letter at Plaintiff's request and did not intend to suggest that it believed that his claim has merit.  (*Id.*)  Based on the foregoing, Judge Mix recommended that Plaintiff's disparate impact claim be dismissed for failure to state a claim upon which

relief can be granted.  (*Id.* at 12.)

B.  **Exhaustion of Administrative Remedies**

In addition, Judge Mix recommended dismissal of the complaint based on Plaintiff's failure to exhaust administrative remedies.  (*Id.*)  First, she explained that while Plaintiff alleges in the Complaint that Defendant refused to hire him on October 29, 2020, he did not file his Charge with the EEOC until December 6, 2021, 403 days after the alleged discriminatory action.  (*Id.* at 13.)  Thus, Plaintiff did not file his charge within the 300-day period provided by statute.  (*Id.*)

After explaining Plaintiff's numerous arguments concerning the timing of the filing of the Charge, the Recommendation found that Plaintiff cannot establish a futility exception under Title VII.  (*Id.* at 14.)  Judge Mix explained that the Tenth Circuit has not recognized a futility exception under Title VII.  (*Id.*)

Next, she concluded that Plaintiff's "question of law" argument also does not excuse his late filing, noting that the case Plaintiff cited for support was a case under the IDEA—not Title VII—and regardless, the Court could not plausibly infer at this stage of the litigation that the Complaint involves no disputed issues of fact with respect to the Title VII claim.  (*Id.* at 14–15.)

Although Plaintiff failed to plead equitable tolling as a basis to excuse his failure to exhaust, Judge Mix found that even if she were to construe his response to assert such a defense, equitable tolling does not apply.  (*Id.* at 15.)  Plaintiff does not allege that Defendant or the courts actively deceived him; instead, he alleged that he received bad information from the EEOC regarding his claim.  (*Id.*)  Even if the Court were to accept Plaintiff's arguments asserted for the first time in his response, Judge Mix concluded that he failed to establish that the EEOC or its agent engaged in active

4

deception.  (*Id.* at 16.)

Accordingly, Judge Mix found that Plaintiff failed to timely file his charge and therefore did not exhaust his administrative remedies.  She also pointed out that Plaintiff failed to address or dispute Defendant's assertion that the EEOC charge did not include a disparate impact claim, which constituted another basis to find that his claim is barred for failure to exhaust.  (*Id.* at 17.)

### C.      Whether the Case Should Be Dismissed With or Without Prejudice

Finally, Judge Mix recommended that the Complaint should be dismissed with prejudice because amendment would be futile.  (*Id.* at 18.)  She reasoned that even if Plaintiff could cure the deficiencies of the disparate impact claim, she recommended that the claim also be dismissed for failure to exhaust administrative remedies.  (*Id.*)  "Because the failure to exhaust bars the claims," she concluded that allowing leave to amend would be futile and recommended dismissal with prejudice.  (*Id.*

## II. LEGAL STANDARDS

### A.      Rule 72(b) Review of a Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 73(b)(3).  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to

5

the magistrate judge with instructions." *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

**B.     Rule 12(b)(6) Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

Plaintiff filed Objections to the Recommendation, addressed below.  (ECF No.

6

23.)

### A. Whether Plaintiff Stated a Title VII Claim

In his Objections, Plaintiff argues that he sufficiently alleged a disparate impact claim and that he has no duty at this stage of the litigation to "prove his point." (ECF No. 23 at 2.)  Further, he argues that he correctly characterized his own application experience as the employment policy used by Defendant for many employment applicants, and that "should end the Court's analysis of whether the plaintiff stated a claim upon which relief could be granted." (*Id.* at 3.)

Despite Plaintiff's arguments, the Court agrees with the analysis of Judge Mix in her Recommendation that drew all *reasonable* inferences in Plaintiff's favor but noted that an inference is *unreasonable* if it requires a degree of speculation and conjecture that renders a factfinder's findings a guess or mere possibility. (ECF No. 18 at 9–10.) Like Judge Mix, the Court concludes that Plaintiff's statistical evidence, which consists of a study showing members of protected classes are convicted of felonies at a rate disproportionately higher than white people does not plausibly show that Defendant's policy or practice regarding hiring has a significant disparate impact on Hispanics applying for positions at its facilities. (*Id.* at 9.)  Plaintiff's only allegation of alleged disparate hiring is Defendant's refusal to hire *Plaintiff*, which is insufficient to plead a disparate impact claim.

Although Plaintiff offers to amend his complaint to address any pleading deficiencies identified in the Recommendation (ECF No. 23 at 3), because the Court also concludes (below) that Plaintiff has failed to exhaust his administrative remedies, which bars his claims, amendment would be futile.  Thus, the Court overrules the Objections on this point.

**B.     Whether Plaintiff Failed to Exhaust His Administrative Remedies**

It is undisputed that Plaintiff did not file his Charge with the EEOC until December 6, 2021, 402 days after the alleged discriminatory action; therefore, it is undisputed that he did not file his Charge within the 300-day period provided by statute. (ECF No. 18 at 13.)  Nevertheless, Plaintiff argues in his Objections that the EEOC concluded his claim was timely because it could have checked the box indicating that he had no right to sue because he had not filed his claim in a timely manner but did not. (ECF No. 23 at 7.)  He argues that the Court must uphold the EEOC's administrative finding that his Charge was timely unless the Court concludes that the EEOC's ruling was arbitrary and capricious.  (*Id.* at 8.)

The Court observes that the EEOC must have inadvertently concluded that Plaintiff's filing was timely.  While perhaps not arbitrary or capricious, the finding was, nonetheless, incorrect.  Plaintiff's claim was clearly untimely, and his arguments regarding futility and question of law[1] do not save his claim.

In his Objections, Plaintiff argues that the futility doctrine applies to Title VII cases and relies on *Hansbury v. Regents of University of California* for support.  596 F.2d 944, 948 (10th Cir. 1979), *overruled by Garcia v. Wilson*, 731 F.2d 640 (10th Cir. 1984), and *disapproved of by Jackson v. City of Bloomfield*, 731 F.2d 652 (10th Cir. 1984).  Plaintiff appears to have confused the futile gesture doctrine, whereby a plaintiff need not file applications in order to have standing to assert a Title VII claim, if doing so would be futile, with the concept that exhaustion of administrative remedies is not required if it

---

[1] Judge Mix rejected Plaintiff's argument that if the alleged violations raise only questions of law, then there is an exception to the exhaustion requirement.  (ECF No. 18 at 14–15.) Plaintiff does not raise this argument again in his Objections, and the Court finds he has waived any objection on this issue.

8

would be futile.  *See Brooks v. DeJoy*, 2022 WL 1691181, at *3 (N.D. Okla. May 26, 2022) (citing *Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 629 (10th Cir. 2012) ("Even when raised in the job-hiring or promotion context, the futility doctrine applies where the employer has a consistently enforced discriminatory policy that will deter applicants who are aware of the policy from applying because they know they face certain rejection.  . . .  This means a failure-to-hire plaintiff must show she would have applied but for accurate knowledge of an employer's discrimination and that she would have been discriminatorily rejected had she applied." (internal quotation marks omitted))).

Plaintiff applied for employment with Defendant and was not hired, but he makes no argument that applying to Defendant in the first instance was futile; rather, he appears to argue that exhaustion of administrative remedies was not required because it would be futile.  And the Court agrees with Judge Mix's conclusion that, even if a futility exception could theoretically be applied in this case, Plaintiff's argument that the "Denver EEOC office is so understaffed that it cannot perform its job properly" (ECF No. 16 at 6) likely does not constitute the type of structural or due process concerns that might constitute grounds for futility, particularly in light of the fact that the EEOC was able to do its job based on the Charge and issue a Notice of Right to Sue Letter.  (ECF No. 18 at 14 n.9.)  Thus, his arguments with respect to futility are without merit.

The Court also notes that in the Recommendation, Judge Mix found that Plaintiff "does not address or dispute Defendant's assertion that the EEOC charge did not include a disparate impact claim."  (*Id.* at 17.)  Thus, she concluded that this "is another basis to find that Plaintiff's claim is barred for failure to exhaust."  (*Id.*)

9

Plaintiff does not address Judge Mix's finding in his Objections.  (ECF No. 23.) Here, the Court agrees that this failure to include a disparate impact claim in his EEOC charge and to address the argument in the motion to dismiss briefing or in his Objections is sufficient grounds for barring his claim for failure to exhaust.

Accordingly, the Court overrules Plaintiff's Objections with respect to his failure to exhaust his administrative remedies.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Report and Recommendation (ECF No. 18) is ADOPTED in its entirety;

2. Plaintiff's Objections (ECF No. 23) are OVERRULED;

3. Defendant's Motion to Dismiss (ECF No. 10) is GRANTED;

4. Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE;

5. Plaintiff's Motion to Amend Complaint (ECF No. 29)[2] is DENIED AS MOOT;

6. The Clerk shall enter judgment in favor of Defendant Bonaventure of Castle Rock and against Plaintiff Michael Lawrence;

7. The parties shall bear their own fees and costs; and

8. The Clerk is DIRECTED to terminate this action and close the file.

---

[2] On October 9, 2023, Plaintiff filed his Motion to Amend Complaint.  (ECF No. 29.)  However, because the Court adopts the portion of the Recommendation stating that amendment is futile, the Court denies the Motion to Amend Complaint as moot.

Dated this 23rd day of October, 2023.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge