**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 22-cv-1143-WJM-KAS

MICHAEL LAWRENCE,

    Plaintiff,

v.

BONAVENTURE OF CASTLE ROCK,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S VARIOUS
MOTIONS SEEKING POST-JUDGMENT RELIEF**

---

Before the Court are *pro se* Plaintiff Michael Lawrence's ("Plaintiff") three post-judgment motions—namely, his Motion for Relief from Judgment (ECF No. 33), Motion for Disqualification of Judge (ECF No. 34), and Motion for Relief from Court's Order Dated July 10, 2024 (ECF No. 38). Defendant Bonaventure of Castle Rock ("Bonaventure") responded to each of the motions (ECF Nos. 39–41), and Plaintiff replied only in support of his first motion seeking relief from judgment. (ECF Nos. 42–43.) For the reasons set forth below, Plaintiff's motions are all denied.

**I. PROCEDURAL HISTORY**

On October 23, 2023, the Court adopted the Recommendation of U.S. Magistrate Judge Kristen L. Mix ("Recommendation") (ECF No. 18) and, in accordance therewith, dismissed with prejudice Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 30.) The Court entered final judgment in favor of Bonaventure on the same date. (ECF No. 31.)

In June 2024, Plaintiff filed a Motion for Relief from Judgment (ECF No. 33) and a Motion for Disqualification of Judge (ECF No. 34). Both motions lacked the certificate of conferral required by D.COLO.LCivR 7.1(a). After 21 days had passed with no response from Bonaventure, Plaintiff filed notices with the Court stating that the motions were "now at issue and unopposed by the defendant." (ECF Nos. 35, 36.) The Court set a briefing schedule for Bonaventure's response and Plaintiff's reply to the pending motions (ECF No. 37), prompting Plaintiff to file a Motion for Relief from Court's Order Dated July 10, 2024[1] (ECF No. 38) in opposition to the Court permitting Bonaventure to respond to the motions.

Despite the Court's Order, Plaintiff filed a reply only in support of his initial Motion for Relief from Judgment. (ECF Nos. 42, 43.) However, as Plaintiff's reply deadline long ago passed on August 16, 2024, the Court considers the motions ripe for review and considers them in turn below.

## II. ANALYSIS

**A.     Motion for Relief from Court's July 10, 2024 Order (ECF No. 38)**

The Court first takes up Plaintiff's motion asking the Court, "pursuant to Rule 60(b)(1) or (4)," to vacate its order setting response and reply deadlines on Plaintiff's Motion for Relief from Judgment and Motion for Disqualification of Judge. (ECF No. 38 at 1.) Plaintiff asserts that the Court "apparently inadvertently" "overstepped its authority" by ordering Bonaventure to file a response to his pending motions after the default 21-day response deadline under the Local Rules had passed. (*Id.*) Although

---

[1] Although Plaintiff consistently refers to a July 10, 2024 Order, the Court assumes Plaintiff's motion is directed to its July 9, 2024 Order (ECF No. 37). No order was entered in this action on July 10, 2024.

2

acknowledging the Court retains discretion to set a response deadline of "such lesser or greater time as the court may allow" under D.C.COLO.LCivR 7.1(d), Plaintiff contends that "[o]bviously, for the sake of fairness and foreseeability, if there is to be a change to the presumptive 21-day deadline, the Court must specify this before the deadline has passed." (*Id.* at 2.)

Plaintiff provides no authority to support this strained reading of the Local Rules. *Cf. Garza v. Davis,* 596 F.3d 1198, 1205 (10th Cir. 2010) ("District courts generally are afforded great discretion regarding . . . control of the docket and parties[], and their decisions are reviewed only for abuse of discretion."). Moreover, the Court notes that its Order setting forth a briefing schedule for Bonaventure's responses and Plaintiff's replies served to remedy Plaintiff's failure to confer with Bonaventure before filing the motions[2]—which is in itself a violation of the Local Rules for which the Court could have rightfully struck Plaintiff's filings or denied them out of hand. See D.C.COLO.LCivR 7.1(a); *Builder MT LLC v. Zybertech Const. Software Servs., Ltd.,* 2008 WL 5246166, at *2 (D. Colo. Dec. 16, 2008) (finding the "failure to confer alone is sufficient grounds to warrant denial" of plaintiff's motion to vacate judgment).

For at least these reasons, Plaintiff's Motion for Relief from Court's Order Dated July 10, 2024 is denied, and the Court will consider Bonaventure's responses in resolving Plaintiff's post-judgment motions on the merits below.

**B.  Motion for Relief from Judgment (ECF No. 33)**

Plaintiff moves for relief from the Court's final judgment pursuant to Federal Rule

---

[2] In the Court's view, Plaintiff's failure to confer is exacerbated by the fact that his motions seeking post-judgment relief and the disqualification of the undersigned were filed almost eight months after final judgment was entered. (*See* ECF Nos. 31, 33, 34.)

3

of Civil Procedure 60(b)(4), which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment is void." Fed. R. Civ. P. 60(b)(4). Relief under Rule 60(b)(4) is available "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 271 (2010); *see also Bartch v. Barch,* 2024 WL 3560748, at *5 (10th Cir. July 29, 2024) (same). To show that a court's judgment is void on jurisdictional grounds, a party must show there is "no arguable basis on which [the court] could have rested a finding that it had jurisdiction." *Gschwind v. Cessna Aircraft Co.,* 232 F.3d 1342, 1346 (10th Cir. 2000) (quotations and citation omitted).

Plaintiff introduces his motion as one seeking relief because "[t]he judgment . . . exceeds the court's jurisdiction." (ECF No. 33 at 1.) However, Plaintiff's purported jurisdictional argument is that the Court was limited to reviewing whether the EEOC's issuance of a Notice of Right to Sue was "arbitrary and capricious." (ECF No. 42 at 1.) Of course, the "arbitrary and capricious" standard Plaintiff recites is not a jurisdictional rule but instead the appropriate standard of review district courts apply when reviewing agency action pursuant to the Administrative Procedures Act ("APA"). *See* 5 U.S.C. § 706(2)(A); *see also People for the Ethical Treatment of Animals, Inc. v. United States Dep't of Agr.,* 183 F. Supp. 3d 1137, 1141–46 (D. Colo. May 2, 2016) (explaining that federal courts can exercise federal question jurisdiction to review administrative action under 28 U.S.C. § 1331 and apply an "arbitrary and capricious" standard of review when considering the merits). In any case, the relevant issue here was not the lawfulness of

4

any action taken by the EEOC pursuant to the APA but whether, in the Court's view, Plaintiff timely exhausted his administrative remedies as to the Title VII disparate impact claim pending before it.[3]

Plaintiff's motion otherwise seeks to relitigate the correctness of the Court's finding that he failed to exhaust his administrative remedies before filing suit. Two judges have already twice considered and rejected Plaintiff's arguments on this point (*see* ECF No. 18 at 12–17; ECF No. 30 at 8–10), and the Court will not rehash its discussion on the merits here. If Plaintiff believed the Court erred in concluding he failed to timely exhaust his administrative remedies with the EEOC, the appropriate course of action would have been to file a direct appeal. *U.S. v. Buck,* 281 F.3d 1336, 1344 (10th Cir. 2002) ("Appellants make the all-too-common error of thinking that a court acts without jurisdiction when it makes a mistake. But a judgment is not void merely because it is erroneous." (citation omitted)).

As Plaintiff has not otherwise demonstrated this is one of those "rare instance[s]" where relief from judgment is warranted due to a jurisdictional error, *Espinosa,* 559 U.S. at 271, his Motion for Relief from Judgment (ECF No. 33) is denied.

## C.     Motion for Disqualification of Judge (ECF No. 34)

Finally, Plaintiff\ moves to disqualify the undersigned as the presiding judge over this (now-closed) case pursuant to 28 U.S.C. § 455(a). Under that statute, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §

---

[3] Notably, Judge Mix observed in the Recommendation that the Tenth Circuit no longer views the failure to exhaust administrative remedies as a jurisdictional defect but instead an affirmative defense to a discrimination claim which may be raised in a Rule 12(b)(6) motion. (ECF No. 18 at 12–13 (citing *Cirocco v. MacMahon,* 768 F. App'x 854, 858 (10th Cir. 2019))).

5

455(a).  In the Tenth Circuit, the relevant test for disqualification under § 455(a) is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."  *United States v. Cooley,* 1 F.3d 985, 993 (10th Cir. 1993) (internal quotation and citation omitted).  This is an objective standard.  *Mathis v. Huff & Puff Trucking, Inc.,* 787 F.3d 1297, 1310 (10th Cir. 2015) (disqualification is not measured by "the hypersensitive, cynical, and suspicious person" (internal citation and quotation omitted)).

Plaintiff argues that "[b]y ruling on the Motion to Dismiss in this case, Judge Martinez has shown a clear appearance of bias such that his disqualification is mandated by law."  (ECF No. 34 at 1.)  Indeed, Plaintiff spends almost the entirety of his 10-page motion arguing why the undersigned should be disqualified based on the Court's purported erroneous conclusions of law—arguments which are largely repetitive of those set forth in Plaintiff's Motion for Relief from Judgment.  The Court finds Plaintiff's myriad disagreements with the Court's final ruling in this case are no basis for disqualification.  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States,* 510 U.S. 540, 555 (1994); *see also Jaiyeola v. Garmin Int'l, Inc.,* 2021 WL 2595067, at *3 (D. Kan. June 24, 2021) (denying motion for disqualification of judge where "Plaintiff's allegations against the undersigned represent nothing more than a disagreement with a court order").

The only other support Plaintiff marshals for his motion is the alleged fact that the Court "has already recused itself in *Lawrence v. Nightingale, Inc.,* Case No. 24-cv-00237"—a subsequent action filed by Plaintiff—which, according to Plaintiff, "suggests the Court acknowledges it cannot be neutral in cases such as the one at bar."  (ECF No.

6

34 at 10.)  Even assuming this was any material circumstantial evidence of bias or impartiality, Plaintiff is mistaken.  The Court did not recuse itself from the action; rather, the undersigned exercised his prerogative as a Senior Judge to request that the action be reassigned to another district judge.  *See Lawrence,* Civil Action No. 24-cv-00237 (D. Colo.) [ECF No. 7].

The Court discerns no other colorable grounds of bias or impartiality on which to grant Plaintiff's motion.  Accordingly, the Motion for Disqualification of Judge (ECF No. 34) is denied.  *See Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987) ("There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so where there is.").

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS that Plaintiff's Motion for Relief from Court's Order Dated July 10, 2024 (ECF No. 38), Motion for Relief from Judgment (ECF No. 33), and Motion for Disqualification of Judge (ECF No. 34) are DENIED.  The Court also expressly cautions Plaintiff that "allegations of bias or misconduct based solely on disagreement with court orders or which rehash issues previously rejected are not proper and will be deemed frivolous."  *Jaiyeola,* 2021 WL 2595067, at *4.  The Court will consider the propriety of imposing monetary sanctions, filing restrictions, or both, if Plaintiff imposes on the Court the obligation to expend further judicial resources to resolve frivolous or vexatious motions.  *Cf. id.*

Dated this 3rd day of February, 2025.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge